UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| GEORGE W. COLLINS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:05-CV-211 |
| STUART PETER BACON, M.D., Individually and d/b/a RHEA FAMILY PHYSICIANS, P.C., ASTRAZENECA LP, and ASTRAZENECA PHARMACEUTICALS LP, | ) ) ) ) ) ) | Judge Curtis L. Collier |
| Defendants. | ) | |

## **M E M O R A N D U M**

This case was removed from Rhea County (Tennessee) Circuit Court based on diversity of citizenship. However, on the face of the complaint, two parties are residents of the same state. To avoid remand back to state court, Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP (collectively, "AstraZeneca"), and Defendant Stuart P. Bacon ("Dr. Bacon") argue Plaintiff George Collins ("Plaintiff") fraudulently joined Dr. Bacon. Before the Court is a Motion to Dismiss (Court File No. 6) filed by Dr. Bacon. Plaintiff filed a response opposing the motion (Court File No. 10) incorporating his Motion to Remand to State Court[1] (Court File No. 9). AstraZeneca filed a response to Plaintiff's motion to remand (Court File No. 11) and Plaintiff filed a reply (Court File

---

[1] Plaintiff's Motion to Remand includes a request for costs under 28 U.S.C. § 1447(c) (*See* Court File No. 9, p. 3). The Sixth Circuit recently reiterated § 1447(c) costs are inappropriate where the defendant's attempt to remove was "fairly supportable" or where there has not been a finding of fault with the defendant's decision to remove. *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005). Since AstraZeneca relies on some authority with similar facts, mentioned below, the Court will not award costs to the Plaintiff.

No. 12). Since both motions hinge on the Court's determination of whether Dr. Bacon was fraudulently joined, the Court will address both motions in a single memorandum and order. For the following reasons, the Court will **DENY** Dr. Bacon's motion and **GRANT** Plaintiff's motion to remand.

I.   **RELEVANT FACTS**

Plaintiff, a citizen of Tennessee, originally filed this action on June 20, 2005, in Rhea County (Tennessee) Circuit Court asserting various claims under Tennessee law against three entities: Defendants, two Delaware corporations, and an individual Tennessee citizen, Dr. Bacon (Court File No. 1, Notice of Removal, Complaint at ¶¶ 1-4 ). Plaintiff alleges AstraZeneca misrepresented Crestor was safe and effective and concealed the risks of Crestor from the public and Dr. Bacon (*See, e.g., id.* at ¶ 35). As for Dr. Bacon, Plaintiff alleges "he was not provided with any oral and/or written information" from Dr. Bacon about Crestor (*Id.* at ¶¶ 10, 39). Consequently, he asserts Dr. Bacon did not obtain his informed consent in deviation of the recognized standard of professional practice in Tennessee (*Id.* at ¶ 39). Plaintiff claims Dr. Bacon's "deviations from the recognized standard of acceptable professional practice contributed to and/or caused [his] injuries" (*Id.* at ¶¶ 40-41).

On July 25, 2005 AstraZeneca removed this case to this Court on the grounds of diversity jurisdiction (Court File No. 1, Notice of Removal). It claimed Plaintiff was a citizen of Tennessee and it was a citizen of a different state (*Id.* at ¶ 4). Further, it asserted while Dr. Bacon was a citizen of Tennessee, he had been fraudulently joined to this action (*Id.* at ¶ 5). Dr. Bacon then filed a motion to dismiss himself as a party to this case because he was fraudulently joined (Court File No. 6).

2

## II.  DISCUSSION

In any case removed from state court, the federal district court shall remand the case if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). If a case does not involve a federal question, complete diversity of citizenship must exist between the parties and the amount in controversy must exceed $75,000 for the federal court to have subject matter jurisdiction. 28 U.S.C. § 1332; *see U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). Here, the parties do not have complete diversity of citizenship because Dr. Bacon and Plaintiff are residents of the same state. However, AstraZeneca and Dr. Bacon argue the citizenship of Dr. Bacon should be ignored because Dr. Bacon was fraudulently joined.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyata, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The citizenship of a defendant who has been fraudulently joined should be disregarded when determining whether the federal court has diversity of citizenship jurisdiction over the subject matter. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). The Defendants bear the burden of proving Dr. Bacon was fraudulent joined. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). A party is fraudulently joined if "it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Id.*; *see also Triggs,* 154 F.3d at 1287 (stating "[j]oinder has been deemed fraudulent...when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"). In other words, the inquiry is whether a plaintiff has stated "at least a colorable cause of action" against the defendants "in the state courts." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th

Cir. 1999). In this case, to prove fraudulent joinder the Defendants must present sufficient evidence that the Plaintiff could not have established a cause of action against Dr. Bacon under Tennessee law. *Coyne,* 183 F.3d at 493. If there is a colorable basis for predicting Plaintiff may recover against Dr. Bacon, he was not fraudulently joined and the Court must remand the action to state court. *Id.* In making this determination, the Court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of Plaintiff. *Id.* Further, any doubt as to the propriety of removal should be resolved in favor of remand. *See id.*

The Court notes a party bears a heavy burden when it relies on fraudulent joinder to establish subject matter jurisdiction. The law of fraudulent joinder "requires removing defendants to do more than simply articulate a basis for dismissal of the plaintiff's claims against the non-diverse defendants who have allegedly been fraudulently joined." *Waterloo Coal Co., Inc., v. Komatsu Mining Sys., Inc.*, 2003 WL 124137, *2 (S.D. Ohio Jan. 9, 2003) (unpublished). The benefit of the doubt given to a plaintiff in a fraudulent joinder inquiry is more deferential than the benefit of doubt given under Fed. R. Civ. P. 12(b)(6). *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 846 (S.D. Ohio 2002). Because the fraudulent joinder jurisdictional inquiry is different from the inquiry on a motion to dismiss, there could be a colorable basis for predicting a plaintiff may recover on claims against a non-diverse defendant such that the defendant is not fraudulently joined, even if those claims later fail to survive a motion to dismiss in state court. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852-53 (3d. Cir. 1992).

AstraZeneca argues Dr. Bacon was fraudulently joined to this action because Plaintiff does not have any cognizable claims against him. AstraZeneca argues the thrust of the complaint is directed at AstraZeneca's alleged concealment of the risks of Crestor from the consuming public and even from Dr. Bacon. Yet, the Plaintiff alleges Dr. Bacon should have warned him of risks of taking

Crestor (Court File No. 11). In response, Plaintiff argues alternative pleading is allowed and it is possible for a jury to find the manufacturer and/or the treating physician liable under comparative fault principles (Court File Nos. 9, 12).

In Tennessee, a doctor is not required to disclose risks that are "unforeseeable or unknowable." *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998). Further, a prescription medical product is not unreasonably dangerous where the medical practitioner is aware of the risks associated with using the product. *Jastrebski v. Smith & Nephew Richards, Inc.*, 1999 WL 144935, at *5 (Tenn. Ct. App. March 18, 1999) (unpublished opinion); Tenn. Code Ann. § 29-28-105(d). Therefore, AstraZeneca is correct in its assertion the Plaintiff's complaint is inconsistent. However, the Complaint itself admits it is inconsistent. After making several allegations against AstraZeneca, the Plaintiff states, "*[i]n the alternative*, plaintiff avers that...Dr. Bacon...violated the recognized standard of acceptable practice. . . ." (Court File No. 1, Complaint at ¶ 38) (emphasis added). Such inconsistent pleading is clearly allowed in Tennessee. Tenn. R. Civ. P. 8.05(2). Further, it is clear Tennessee provides a cause of action for patients who were not given the appropriate information when their consent was obtained. Tenn. Code Ann. § 29-26-118. To the extent AstraZeneca relies on contrary authority in arguing Dr. Bacon was fraudulently joined, the Court notes it is not bound by such authority and it thinks such authority distinguishable from the present case.[2] Thus, Dr.

---

[2] AstraZeneca cites two unpublished opinions from the Southern District of Mississippi in its response. *See Welborn v. AstraZeneca Pharms. LP,* No. 4:04CV191LN, slip op. at 6 (S.D. Miss. Jan. 28, 2005) (unpublished opinion) (finding fraudulent joinder where plaintiffs's claim against physician "wholly conclusory...and...the only <u>facts</u> the plaintiff has alleged are entirely inconsistent with his putative theory of liability against his physician"); *Louis v. Wyeth-Ayerst Pharms., Inc.*, No. 5:00CV102LN, slip op. at 4-5 (S.D. Miss. Sept. 25, 2000) (unpublished opinion) (denying remand because the complaint failed to allege the pharmacy defendants lacked knowledge or reason to know of any of the dangers associated with the drug(s) but instead alleged that the manufacturer intentionally concealed the true risks of the drug(s)).

Bacon and AstraZeneca have not met their heavy burden in proving fraudulent joinder.

**III.     CONCLUSION**

For the reasons listed above, the Court will **DENY** Dr. Bacon's motion (Court File No. 6), **GRANT** Plaintiff's motion to remand (Court File No. 9), **DENY** Plaintiff's request for costs, and **REMAND**  this matter to Rhea County (Tennessee) Circuit Court.

An Order shall enter.

          **/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

6

Case 1:05-cv-00211   Document 14   Filed 09/30/05   Page 6 of 6   PageID #: 139